David S. Richman, Esq. (State Bar No. 94325)
Law Office Of David S. Richman
4610 Noeline Avenue
Encino, California  91436
Telephone: (818) 907-1687
Facsimile: (818) 907-1686
Email: dsr@dsrichman.com

Attorneys for Plaintiff Applied Business Software Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED BUSINESS SOFTWARE, INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>CITADEL SERVICING CORPORATION, a California Corporation;<br><br>Defendant. | Case No. 8:17-cv-1627<br><br>**COMPLAINT FOR:**<br>**1. Copyright Infringement;**<br>**2. Copyright Infringement;**<br>**3. Breach of Contract;**<br>**4. Breach of Contract;**<br>**5. Specific Performance**<br><br>**DEMAND FOR JURY TRIAL** |

Applied Business Software, Inc. ("ABS") alleges against Defendant Citadel Servicing Corporation ("Defendant") as follows:

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, et seq. (copyright infringement) and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338(a) and 1338(b), and supplemental jurisdiction over the third through fifth claims for relief alleged herein pursuant to 28 U.S.C. § 1367(a).

2.  Defendant is subject to personal jurisdiction in this Court based on continuous and systematic contacts within this District, including in connection with the written contracts at issue in this action, and Defendant's incorporation in the State of California.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). A substantial amount of the events and injury alleged herein occurred in this District. Further, Defendant resides in this District.

## PARTIES

4. ABS is a California corporation with its principal place of business at 2847 Gundry Avenue, Long Beach, California 90755. ABS is engaged in the business of developing and licensing computer software.

5. Defendant is a California corporation with its principal place of business at 15707 Rockfield Blvd., Suite 320, Irvine, California 92618. Defendant is engaged in the business of non-prime residential lending and loan servicing.

## GENERAL ALLEGATIONS

6. Founded in 1978 and headquartered in Long Beach, California, ABS has been developing and introducing time-saving products and tailored solutions for professionals in the real estate lending industry for more than two decades. ABS creates comprehensive and user-friendly computer financial management programs for mortgage professionals.

7. ABS's software consists of a core loan servicing program and add-on modules (together, "The Mortgage Office Software") that help mortgage professionals navigate the complex terrain of California's real estate and lending laws. The Mortgage Office Software allows ABS's customers to custom build the most powerful and personalized loan servicing software solution for their business, by purchasing only what the customer needs. The Mortgage Office Software automates and streamlines the loan servicing process so that the customer's business can run more efficiently. Among other things, The Mortgage Office Software allows a customer to (a) easily email statements, scan documents, and perform many functions with the click of a button, (b) produce detailed reports for management and investors that can be delivered daily, weekly or monthly, (c) choose from hundreds of built-in reports or create its own, (d) notify its borrowers and lenders as

payments are applied, when payment statements are sent, ACH deposits are made, and upcoming ACH debits, and (e) to enjoy peace of mind knowing that it is meeting or exceeding local and federal regulations.  Customers derive substantial economic benefit from their ability to provide financial services to their clients through the use of The Mortgage Office Software.

8. ABS has filed for and received copyright registrations for The Mortgage Office Software licensed to Defendant.  Specifically, ABS received copyright registrations for its core program, The Mortgage Office (TX7-920-877) and the following modules:  Loan Servicing (TX 7-920-910), Trust Fund Accounting (TX7-920-868), DRE Reporting (TX7-920-880), ACH Express (TX7-920-912), Web Publishing Central (TX 7-920-856), Tax Forms Management and Printing (TX7-920-920), Document Manager (TX7-920-833), Escrow Administration (TX7-920-825), Adjustable Rate Mortgages (TX7-920-875) and Consumer Credit Reporting (TX7-920-917).  Copies of these registrations are publically available at the U.S. Copyright Office website www.copyright.gov.  ABS owns all right, title and interest in the copyrights to The Mortgage Office Software.

## The Software License Agreement

9. Customers desiring to use ABS's software enter into a Software Licensing Agreement ("SLA").  ABS grants licenses under the SLAs at rates that increase based on the number of computers licensed to use the software.  Thus, the fee for a license for a single computer is less than a license for four computers, which is much less than the fee for 25 or 50 computers.  When licensees request additional modules and/or an increase in the number of licensed computers, ABS and the licensee execute an updated SLA.

10. On March 31, 2017, ABS entered into a written license agreement with Defendant for The Mortgage Office Software (the "2017 SLA").  A true and correct copy of the 2017 SLA is attached hereto as Exhibit A.

11. ¶ 1(b) of the 2017 SLA grants Defendant a license to use The Mortgage

1 Office Software on 22 computers at the "Designated Location", identified as 15707 Rockfield Blvd., Suite 320, Irvine, California 92618.

12. ¶ 2(c) of the 2017 SLA provides that the unauthorized copying, modification and distribution of The Mortgage Office Software is expressly forbidden and constitutes a material breach of the agreement. ¶ 7 of the 2017 SLA provides that the license automatically terminates upon a licensee's breach of the agreement.

13. ¶ 5 of the 2017 SLA provides that ABS has the right to electronically audit the use of The Mortgage Office Software through a metering module that is built into the software. The metering module periodically prompts a licensee to validate the copies of The Mortgage Office Software in use on a particular computer. If the licensee fails to timely respond to the prompt, The Mortgage Office Software automatically disables itself and becomes inoperable on that computer until a registration is accepted.

14. ¶ 8 of the 2017 SLA provides that upon termination, Defendant has 10 days to return The Mortgage Office Software, delete all such software, and certify that Defendant no longer has the software. ¶ 8 also provides that ABS is entitled to specific performance of Defendant's obligations to return and delete The Mortgage Office Software.

15. ¶ 11(d) of the 2017 SLA provides that in any action filed to enforce the SLA or any right arising under the SLA, the prevailing party shall be entitled to recover from the other party the actual attorney's fees and expenses incurred in connection with the action. By reason of Defendant's wrongful conduct as alleged herein, ABS hired the Law Office of David S. Richman to file this action. ABS has incurred and will incur attorney's fees and expenses to the Law Office of David S. Richman.

**The Software Maintenance Agreement**

16. Customers who enter into SLA may, but are not required to, enter into a

related Software Maintenance Agreement ("SMA"). The SMA is the way by which customers are provided periodic software updates and call-in technical support.

17. On March 31, 2017, Defendant also entered into a written addendum with Defendant to the Software Maintenance Agreement previously entered into on June 30, 2011 (the "2011 SMA"). A true and correct copy of the 2011 SMA (including the 2017 addendum) is attached hereto as Exhibit B.

18. ¶ 4.1 of the 2011 SMA provides that the initial term was one-year, and that it automatically renewed for successive terms of 12 months each unless either party gave written notice to the other of its intention not to renew at least 90 days before the end of the then current term. The 2011 SMA was automatically renewed on June 30 of each year, so the notice of the intention not to renew had to be given no later than March 31 of each year. Since 2011, the 2011 SMA had automatically renewed every year.

19. ¶ 7.5 of the 2011 SMA provides that in any action filed to enforce the SMA or any right arising under the SMA, the prevailing party shall be entitled to recover from the other party the actual attorney's fees and expenses incurred in connection with the action. By reason of Defendant's wrongful conduct as alleged herein, ABS was forced to hire the Law Office of David S. Richman to file this action. ABS has incurred and will incur attorney's fees and expenses to the Law Office of David S. Richman.

**Defendant's Notice Of Termination Of The 2017 SLA And 2011 SMA**

20. On June 27, 2017, Terrie Hagerty, Defendant's Executive Vice President and the person who executed the 2017 SLA, gave written notice to ABS that Defendant "would not be renewing its contract with ABS".

21. On August 22, 2017, Matthew van Fleet, Defendant's general counsel, gave written notice to ABS confirming that Defendant had terminated the 2017 SLA and the 2011 SMA on June 27, 2017.

22. On August 28, 2017, Ms. Hagerty gave written notice to ABS

confirming that Defendant had terminated the 2017 SLA and the 2011 SMA on June 27, 2017.

### ABS' Audit Of Defendant's Installation And Use Of The Mortgage Office Software

23. On August 24, 2017, ABS executed an electronic audit of Defendant's installation and use of The Mortgage Office Software. One output of the audit is a bar chart identifying each computer on which The Mortgage Office Software was installed and the minimal interval of usage based upon audit data received from and stored on the respective computer. This audit revealed that:

(a) On or about May 3, 2017, Defendant first exceeded the scope of its license for The Mortgage Office Software by installing and using The Mortgage Office Software on at least 23 computers, thereby exceeding the authorized number (22) under the 2017 SLA.

(b) From May 4 to September 1, 2017, Defendant continued to exceed the scope of its license for The Mortgage Office Software by installing and using the software on at least 30 computers.

### FIRST CLAIM FOR RELIEF

**For Copyright Infringement Under 17 U.S.C. § 101, Et Seq.: Defendant's Installation And Use Of The Mortgage Office Software On More Computers Than Authorized Under The 2017 SLA**

24. ABS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 herein.

25. On or about May 3, 2017, pursuant to ¶¶ 2(c) and 7 of the 2017 SLA, the SLA automatically terminated and thereafter Defendant had no right to use The Mortgage Office Software on any computer. But, after that date, Defendant continued to use The Mortgage Office Software on at least 30 computers.

26. Pursuant to 17 U.S.C. § 501, Defendant has infringed ABS's copyrights. Further, Defendant's infringement was substantial. Defendant used The

Mortgage Office Software on at least 30 computers.  The cost of a license for 30 computers is about $134,352.

27.     Pursuant to 17 U.S.C. § 504(a)-(b), ABS is entitled to recover the actual damages suffered by ABS as the result of Defendant's infringement of ABS's copyrights, as well as any of Defendant's profits that are attributable to the infringement and are not taken into account in determining actual damages.

28.     Pursuant to 17 U.S.C. § 504(a) and (c)(1), in the alternative to actual damages, ABS is entitled to recover statutory damages for all infringements involved in this action, with respect to any one work, in a sum of not more than $30,000.

29.     Defendant's infringement was committed willfully.  Defendant knew the express terms of the 2017 SLA and that Defendant's use of The Mortgage Office Software on more than 22 computers infringed ABS's copyrights, or Defendant acted with reckless disregard for, or willful blindness to, ABS's rights.  Pursuant to 17 U.S.C. § 504(a) and (c)(2), in the alternative to actual damages, ABS is entitled to recover statutory damages for all infringements involved in this action, with respect to any one work, in a sum of not more than $150,000.

30.     Pursuant to 17 U.S.C. § 502, ABS is entitled to an injunction to prevent Defendant's infringement of ABS's copyrights.  Defendant will continue to damage ABS unless enjoined by this Court.  ABS does not have an adequate remedy at law.  Pecuniary compensation would not afford adequate relief to ABS, because that compensation alone will not prevent Defendant from continuing its unauthorized use of The Mortgage Office Software on Defendant's computers.

31.     Pursuant to ¶ 11(d) of the 2017 SLA, ABS is entitled to recover the actual attorney's fees and expenses incurred by ABS to the Law Office of David S. Richman.  In the alternative, pursuant to 17 U.S.C. § 505, ABS is entitled to recover the reasonable attorney's fees and actual expenses incurred by ABS to the Law Office of David S. Richman.

## SECOND CLAIM FOR RELIEF

**For Copyright Infringement Under 17 U.S.C. § 101, Et Seq.: Defendant's Continued Use Of The Mortgage Office Software After Defendant Terminated the 2017 SLA**

32. ABS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 herein.

33. After Defendant gave notice of the termination of the 2017 SLA on June 27, 2017, Defendant had no right to use The Mortgage Office Software on any computer. But, after that date, Defendant continued to use The Mortgage Office Software. Further, Defendant did not comply with its obligations under ¶ 8 of the 2017 SLA after the termination of the 2017 SLA.

34. Pursuant to 17 U.S.C. § 501, Defendant has infringed ABS's copyrights. Further, Defendant's infringement was substantial. From June 28 to September 1, 2017, Defendant continued to use The Mortgage Office Software on at least 28 computers.

35. Pursuant to 17 U.S.C. § 504(a)-(b), ABS is entitled to recover the actual damages suffered by ABS as the result of Defendant's infringement of ABS's copyrights, as well as any of Defendant's profits that are attributable to the infringement and are not taken into account in determining actual damages.

36. Pursuant to 17 U.S.C. § 504(a) and (c)(1), in the alternative to actual damages, ABS is entitled to recover statutory damages for all infringements involved in this action, with respect to any one work, in a sum of not more than $30,000.

37. Defendant's infringement was committed willfully. Defendant knew the express terms of the 2017 SLA and that Defendant's use of The Mortgage Office Software on at least 28 computers infringed ABS's copyrights, or Defendant acted with reckless disregard for, or willful blindness to, ABS's rights. Pursuant to 17 U.S.C. § 504(a) and (c)(2), in the alternative to actual damages, ABS is entitled to

recover statutory damages for all infringements involved in this action, with respect to any one work, in a sum of not more than $150,000.

38. Pursuant to 17 U.S.C. § 502, ABS is entitled to an injunction to prevent Defendant's infringement of ABS's copyrights. Defendant will continue to damage ABS unless enjoined by this Court. ABS does not have an adequate remedy at law. Pecuniary compensation would not afford adequate relief to ABS, because that compensation alone will not prevent Defendant from continuing its unauthorized use of The Mortgage Office Software on Defendant's computers.

39. Pursuant to ¶ 11(d) of the 2017 SLA, ABS is entitled to recover the actual attorney's fees and expenses incurred by ABS to the Law Office of David S. Richman. In the alternative, pursuant to 17 U.S.C. § 505, ABS is entitled to recover the reasonable attorney's fees and actual expenses incurred by ABS to the Law Office of David S. Richman.

## THIRD CLAIM FOR RELIEF

### (For Breach Of The 2017 SLA)

40. ABS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 herein.

41. ABS has performed all of its obligations required under the 2017 SLA, except to the extent that such performance was waived, or made impossible, by Defendant or excused by Defendant's conduct.

42. Defendant breached the 2017 SLA by, among other things:

(a) Installing and using unauthorized copies of The Mortgage Office Software in excess of the licensed number under the 2017 SLA;

(b) Continuing to use The Mortgage Office Software after Defendant breached the 2017 SLA on or about May 3, 2017;

(c) Continuing to use The Mortgage Office Software after Defendant gave notice of the termination of the 2017 SLA on June 27, 2017; and

(d) Not complying with Defendant's obligations under ¶ 8 of the

2017 SLA after the termination of the 2017 SLA.

43. As a direct and proximate result of Defendant's breach of the 2017 SLA, ABS has suffered damages in an amount to be proven at trial, in excess of $145,000. Specifically, from May 4 to September 1, 2017, Defendant used The Mortgage Office Software on at least 30 computers, and Defendant also used services of ABS that were only available if Defendant had a software maintenance agreement with ABS. During this same time period, the cost to license The Mortgage Office Software for 30 computers was about $134,352, and the cost for maintenance for 30 computers was about $22,571. In the alternative, from June 28 to September 1, 2017, the cost to license The Mortgage Office Software for 28 computers was $125,395, and the cost for maintenance for 28 computers was about $21,066.

44. Pursuant to ¶ 11(d) of the 2017 SLA, ABS is entitled to recover the actual attorney's fees and expenses incurred by ABS to the Law Office of David S. Richman.

## FOURTH CLAIM FOR RELIEF

### (For Breach Of The 2011 SMA)

45. ABS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 herein.

46. ABS has performed all of its obligations required under the 2011 SMA, except to the extent that such performance was waived, or made impossible, by Defendant or excused by Defendant's conduct.

47. Defendant breached the 2011 SMA by, among other things, failing to pay to ABS the amount due under the 2011 SMA in the sum of $17,213 for the term starting on June 30, 2017, and ending on June 29, 2018.

48. As a direct and proximate result of Defendant's breach of the 2011 SMA, ABS has suffered damages in an amount to be proven at trial, in excess of $17,000.

49. Pursuant to ¶ 7.5 of the 2011 SMA, ABS is entitled to recover the actual attorney's fees and expenses incurred by ABS to the Law Office of David S. Richman.

### FIFTH CLAIM FOR RELIEF

### (For Specific Performance Of The 2017 SLA)

50. ABS realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23.

51. The 2017 SLA was an enforceable contract, sufficiently certain in its terms.

52. The consideration for the 2017 SLA was adequate, and the 2017 SLA was a just and reasonable contract. On March 31, 2017, ABS provided a license to Defendant for 22 computers. The cumulative cost of the license for the 22 computers was about $93,500.

53. ABS has performed all of its obligations required under the 2017 SMA, except to the extent that such performance was waived, or made impossible, by Defendant or excused by Defendant's conduct.

54. Defendant breached the 2017 SLA by, among other things:

    (a) Installing and using unauthorized copies of The Mortgage Office Software in excess of the licensed number under the 2017 SLA;

    (b) Continuing to use The Mortgage Office Software after Defendant breached the 2017 SLA on or about May 3, 2017;

    (c) Continuing to use The Mortgage Office Software after Defendant gave notice of the termination of the 2017 SLA; and

    (d) Not complying with Defendant's obligations under ¶ 8 of the 2017 SLA after the termination of the 2017 SLA.

55. ABS does not have an adequate remedy at law. Pecuniary compensation would not afford adequate relief to ABS, because that compensation alone will not prevent Defendant from continuing its unauthorized use of The

Mortgage Office Software on Defendant's computers.

56. Defendant must be required to specifically perform its obligations under the 2017 SLA by:

    (a) No longer continuing to use The Mortgage Office Software; and

    (b) Complying with Defendant's obligations under ¶ 8 of the 2017 SLA after the termination of the 2017 SLA.

57. Pursuant to ¶ 11(d) of the 2017 SLA, ABS is entitled to recover the actual attorney's fees and expenses incurred by ABS to the Law Office of David S. Richman.

## PRAYER FOR RELIEF

WHEREFORE, ABS prays for relief as follows:

### The First And Second Claims For Relief

1. For the actual damages suffered by ABS as the result of Defendant's infringement of ABS's copyrights, as well as any of Defendant's profits that are attributable to the infringement and are not taken into account in determining actual damages, all according to proof at trial (17 U.S.C. § 504(a)-(b)).

2. In the alternative to actual damages, for statutory damages for all infringements involved in this action, with respect to any one work, in a sum of not more than $30,000 if the infringement was committed innocently (17 U.S.C. § 504(a) and (c)(1)), or in a sum of not more than $150,000 if the infringement was committed willfully (17 U.S.C. § 504(a) and (c)(2)).

3. For an injunction to prevent Defendant, and its agents, servants, employees, successors and assigns and all others acting in concert and privity with them, from infringing ABS's copyrights (17 U.S.C. § 502).

4. Pursuant to ¶ 11(d) of the 2017 SLA, the actual attorney's fees and expenses incurred herein, or, in the alternative, pursuant to 17 U.S.C. § 505, the reasonable attorney's fees and actual expenses incurred herein.

### The Third Claim For Relief (Breach Of 2017 SLA)

5. For compensatory damages according to proof at trial, in an amount in excess of $145,000.

6. Pursuant to ¶ 11(d) of the 2017 SLA, the actual attorney's fees and expenses incurred herein.

### The Fourth Claim For Relief (Breach Of 2011 SMA)

7. For compensatory damages according to proof at trial, in an amount in excess of $17,000.

8. Pursuant to ¶ 7.5 of the 2011 SLA, the actual attorney's fees and expenses incurred herein.

### The Fifth Claim For Relief (Specific Performance Of 2017 SLA)

9. For an order that Defendant specifically perform its obligations under the 2017 SLA following its termination.

10. Pursuant to ¶ 11(d) of the 2017 SLA, the actual attorney's fees and expenses incurred herein.

### All Claims For Relief

11. For interest on all damages awarded herein.

12. For costs of suit incurred herein.

13. For such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

ABS hereby demands a jury trial on its Complaint.

DATED: September 19, 2017    LAW OFFICES OF DAVID S. RICHMAN

By: /s/ David S. Richman
David S. Richman, Esq.
Attorneys for Plaintiff Applied Business Software Inc.